### GLINES v. SUPREME SITTING, ORDER OF THE IRON HALL.

#### In re EPSTEIN.

(Supreme Court, General Term, First Department. January 13, 1893.)

RECEIVERS—LIABILITY IN ATTACHMENT—PAYMENT OF JUDGMENT.
> The fact that one, before the appointment of a receiver, levies an attachment on certain funds, does not give him a preference enforceable generally against the receiver as to the judgment obtained, but only a preference in the funds themselves; and an application, therefore, to have the judgment paid by the receiver, should, in the absence of any showing that such funds were themselves sufficient for the purpose, be denied.

Appeal from special term, New York county.

Action by Moses K. Glines against the Supreme Sitting of the Order of the Iron Hall. Motion by Israel Epstein for an order directing defendant's receiver to pay a judgment, which was denied. Epstein appeals. Affirmed.

For order denying motion to vacate an order appointing a receiver, see 20 N. Y. Supp. 275, affirmed by 21 N. Y. Supp. 543.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Abraham Sarasohn, for appellant.

Morse, Koones & Findlay, (Howard H. Morse and George Norris, of counsel,) for respondent.

PER CURIAM. In this action, which was brought by the plaintiff, as a member of the defendant, against the defendant, a foreign corporation, on the ground of insolvency, to reach assets of defendant in this state, the respondent, George E. Glines, was appointed receiver of assets in this state. Prior to his appointment as such receiver, the appellant, Epstein, had commenced an action against the defendant in the city court of New York, and obtained a warrant of attachment against some property of the defendant on the ground of its being a foreign corporation, and the sheriff, by virtue of such attachment, levied on certain moneys belonging to the defendant in the Manhattan Savings Institution in this city. It does not appear from the papers what the amount of this money was, or what was the extent of the property which was levied upon under the attachment. The receiver thereafter served notice of the order of his

appointment on the bank and the sheriff, and made application in the city court to be made a party defendant in the appellant's action, which was granted, and the receiver served an answer in said action, and defended the same. Upon the trial a verdict was directed for the plaintiff for the full amount, and the appellant thereupon entered judgment against the defendant and the respondent, as receiver of the defendant, for the sum of $220.52. Thereafter the appellant applied to this court for an order that said receiver be directed to pay the judgment, with costs of motion. This motion was denied, and from the order thereupon entered this appeal is taken. Although the appellant may have had a right to have applied to the payment of his judgment such money as he had obtained a lien upon by the service of the attachment, yet he had not acquired any general preference which could be enforced against the receiver. Therefore, without showing that he had obtained a lien upon sufficient assets to pay his judgment, the court was justified in refusing to direct the receiver to pay such judgment out of the assets which were in his hands, because it was only by virtue of the lien of his attachment that he could have acquired any preference against the other creditors of the defendant, whose rights and interests the receiver was appointed to protect. We are of the opinion that the order should be affirmed, with costs. All concur.